UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

EDWARD JAMES CROMER,

        Plaintiff,

v.

MICHAEL EAGAN et al.,

        Defendants.
_____/

Case No. 2:22-cv-66

Honorable Maarten Vermaat

## OPINION DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. (ECF No. 2.) Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). (ECF No. 4.) That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an order denying Plaintiff leave to proceed *in forma pauperis* and directing him to pay the $402.00 filing fee. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the

2

defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

The Court will order Plaintiff to pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

## Discussion

The PLRA, which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See* Op. & J., *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Mar. 27, 2017), (ECF Nos. 9, 10); Op. & J., *Cromer v. Place*, No. 2:16-cv-108 (W.D. Mich. Sept. 30, 2016), (ECF Nos. 8, 9); Op. & J., *Cromer v. United States of America*, No. 2:16-cv-94 (W.D. Mich. June 29, 2016), (ECF Nos. 8, 9); Op. & J., *Cromer v. Masker*, No. 2:13-cv-15 (W.D. Mich. Apr. 10, 2013), (ECF Nos. 5, 6). All of Plaintiff's dismissals were entered after enactment

of the PLRA on April 26, 1996. Additionally, Plaintiff has been denied leave to proceed *in forma pauperis* because he has filed at least three such frivolous, malicious, or insufficient complaints. *See* Op. & Order, *Cromer v. Davids*, No. 1:19-cv-883 (W.D. Mich. Nov. 5, 2019), (ECF Nos. 4, 5); Op. & Order, *Cromer v. Stephan*, No. 1:19-cv-150 (W.D. Mich. Mar. 11, 2019), (ECF Nos. 3, 4); Order, *Smith et al. v. Washington*, No. 1:17-cv-285 (W.D. Mich. Apr. 6, 2017), (ECF No. 4); Op. & Order, *Cromer v. Snyder*, No. 1:17-cv-94 (W.D. Mich. Feb. 16, 2017), (ECF Nos. 4, 5).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which

5

the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff's claims largely stem from his complaints regarding the procedures of the Michigan Parole Board. (Am. Compl., ECF No. 5, PageID.85–98; *see* Compl., ECF No. 1, PageID.7–19.) Plaintiff contends that "on/about May 5, 2021[,] the Board attempted 'a review of lifer's files' by denying the decree of 'an organic Constitution.'" (Am. Compl., ECF No. 5, PageID.85; *see* Compl., ECF No. 1, PageID.7.) Plaintiff alleges that the "Parole Board contends 'they owe no duty to disclose who entered a courthouse or the government on any level and asserted a constitutional loss or injury entry.'" (Am. Compl., ECF No. 5, PageID.85 (emphasis omitted).) Plaintiff also presents retaliation claims regarding his "5–6 [transfers] in 13 months for writing grievances challenging 'commitment papers'" and his placement on a "mental ward" in June of 2020. (*Id.*, PageID.103–04.) Plaintiff contends that Defendants are "using a facade of 'mental health' to keep [him] in 'isolation/mental ward' to exacerbate into psychotic depression and decompensate until [he] loses insight on constitutional limitation." (*Id.*, PageID.104.) Plaintiff also contends that Defendants are "killing [him] with stress devices and [a] 'war of nerves' to protect their financial gain," and that "[t]his is a true political assassination in order to hide what could be a scam executed statewide by state officials[] giving themselves titles like warden, attorney general, police [and] judges while circumventing the decree of an organic Constitution and due process." (*Id.*)

Although Plaintiff's allegations that Defendants are "killing [him] with stress devices and [a] 'war of nerves' to protect their financial gain," and that he is subject to "a true political assassination in order to hide what could be a scam executed statewide by state officials" suggest that Plaintiff may face some sort of danger (*id.*), a court "may deny a prisoner leave to proceed

pursuant to § 1915(g) when," as is the case here, "the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Vandiver*, 727 F.3d at 585 (quoting *Rittner*, 290 F. App'x at 798). Further, Plaintiff's conclusory allegations of any imminent danger fall well short of meeting the requisite notice pleading standard of Rule 8 of the Federal Rules of Civil Procedure. *Id.* The allegations of the complaint and amended complaint therefore are insufficient to allow the Court to reasonably conclude that Plaintiff was in imminent danger at the time he initiated this action.

Therefore, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the civil action filing fees, which total $402.00. When Plaintiff pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff will continue to be responsible for payment of the $402.00 filing fees.

Dated: May 9, 2022         /s/ *Maarten Vermaat*
                            Maarten Vermaat
                            United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court" and must indicate the case number in which the payment is made.**